WILLIAM WILLARD, et al. *against* SAMUEL W. MORRIS.

A sale of real estate by the sheriff, upon a junior judgment, divests the lien of a prior mortgage upon the same land.

A trial, upon the plea of payment, is not a waiver by the defendant of a joinder in demurrer to another plea put in by him; thus when there is a joinder in demurrer, and the defendant is legally entitled to a judgment thereon in his favour, but the cause being tried, upon the plea of payment, and a verdict rendered for the plaintiff, it is error for the court to enter a judgment upon that verdict.

Writ of error to the Common Pleas of Tioga county.

This was a *scire facias sur mortgage*, at the suit of *Samuel W. Morris* against *Roswell B. Alford*, and on motion *William Willard*, who had purchased the mortgaged premises upon a sale by the sheriff, was admitted a co-defendant.

The cause being at issue upon the plea of payment, with leave, &c. and ordered on for trial: *William Willard*, by his counsel, plead specially—"that a judgment had been obtained against *Roswell B. Alford*, subsequently to the mortgage, upon which a *fi. fa.* was issued and levied upon the mortgaged premises, which were afterwards condemned, and sold, upon a *venditioni exponas*, by the sheriff to the said *William Willard*, for fifty dollars, and that a deed therefor had been regularly acknowledged in open court and delivered to him."

To this plea the plaintiff demurred, and the defendant joined in the demurrer.

The cause was then tried, and a verdict rendered for the plaintiff, for the amount of the mortgage, one thousand dollars, and interest. The court entered judgment for the plaintiff.

*Lewis*, for plaintiffs in error, who was informed by the court, that the point involved in this cause had already been determined.

*Ellis*, with whom was *Williston*, for defendant in error, declined an argument of the point which the court intimated had been settled, that a sale upon a junior judgment divested the lien of a mortgage; but contended that it did not arise in this case, because the party had waived the demurrer, and did not ask the court to render any judgment upon it, but went on to trial upon the merits, on the plea of payment.

The judgment of the Court of Common Pleas was reversed, and judgment entered for the defendants.